UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOSTALI DOVLATOV,<br><br>Petitioner,<br><br>v.<br><br>JULIO HERNANDEZ et al.,<br><br>Respondents. | CASE NO. 2:26-cv-00826-JNW<br><br>ORDER GRANTING MOTION TO ENFORCE |

This matter comes before the Court on Petitioner Dostali Dovlatov's unopposed motion to enforce the Court's order granting his petition for a writ of habeas corpus. Dkt. No. 13. Having reviewed the Parties' briefing, the record, and the law, the Court is fully informed and GRANTS the motion.

## 1. BACKGROUND

Dostali Dovlatov is a citizen of Azerbaijan in the custody of Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 2. He entered the United States and was detained by Customs and Border Patrol in December 2024. Dkt. No. 6 ¶ 4. He was issued an

Order of Expedited Removal, Dkt. No. 7-2, and eventually transferred to NWIPC, Dkt. No. 6 ¶ 5. He has been in custody ever since.

On April 16, 2025, ICE served Dovlatov with a Notice to Appear ("NTA") charging him as "an alien present in the United States who has not been admitted or paroled." Dkt. No. 7-3 at 2. On August 7, 2025, an Immigration Judge ("IJ") denied all relief to Dovlatov and issued an order of removal to Azerbaijan. Dkt. No. 7-4 at 2. On September 4, 2025, Dovlatov appealed the IJ's order to the Board of Immigration Appeals (BIA). Dkt. No. 6 ¶ 16. The BIA dismissed that appeal on June 16, 2026, and Dovlatov petitioned the Ninth Circuit for review on June 25, 2026. Dkt. No. 13 at 2 n.2. The appeal remains pending.

On March 11, 2026, Dovlatov filed his habeas petition. Dkt. No. 1. By then, he had spent 15 months in detention without a bond hearing. Dkt. No. 2. The Court granted the petition, holding that his prolonged detention without a bond hearing violates due process. Dkt. No. 10 at 9. The Court ordered, in relevant part:

> Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). In the event that bond is granted, Respondent is ORDERED to immediately release Petitioner . . .
>
> If the individualized bond hearing is not conducted within fourteen days of this order, Petitioner MUST be released immediately under appropriate conditions of supervised release.

*Id.*

On April 21, 2026, an IJ held a bond hearing and denied bond, finding the Government had proven by clear and convincing evidence that Dovlatov is a flight

risk. Dkt. No. 11 at 1; Dkt. No. 14-3 at 1–3. The Government presented only the following evidence to the IJ: (1) the Form I-213 from Dovlatov's December 2024 entry, and (2) the 2025 order and decision denying Dovlatov's requested immigration relief. *See* Dkt. No. 14-2.

Dovlatov submitted letters of support, including from a life-long friend, Rashad Mustafayev, who has offered to sponsor him. Dkt. No. 14-1 at 11–12. Mustafayev submitted his tax information and income earning statements to show that he is financially stable and able to assist Dovlatov. *Id*. at 16–58. Mustafayev also explained that he is a member of the Azerbaijani Society of New England and that he had discussed Dovlatov's case with the president of the society, Dr. Roza Eynula. After learning about Dovlatov's case, Dr. Eynula submitted a letter to the IJ, explaining that the society can provide integration and community support, including housing and employment assistance, if Dovlatov is released. *Id*. at 61. She states: "It is my sincere hope that Dostali can be released so that he can join our Boston community. We are committed to helping him in whatever way that may make his transition easier." *Id*. Additionally, Dovlatov submitted his own declaration, *id*. at 5–9, evidence showing he has no federal immigration charges filed against him, *id*. at 10, and photos of his NATO Medals of Honor and his Certificate of Recognition from NATO, *id*. at 67–69.

On May 7, 2026, the IJ issued a written decision explaining his reasons for denying bond. Dkt. No. 14-3 at 4–8. The IJ found that the Government had established Dovlatov as a flight risk by clear and convincing evidence because: (1) Dovlatov "has no family in the United States and the court found evidence of his

non-family contacts minimal and unpersuasive to show substantive ties to the community"; (2) Dovlatov "has only lived in the United States since December of 2024 and was arrested and detained shortly thereafter"; (3) Dovlatov "has the future support of a community group in New England to assist with his transition but there is no evidence of any prior relationship between this group and [Dovlatov]; and (4) "Respondent has limited avenues for [immigration] relief." *Id*. at 7.

On July 22, 2026, Dovlatov moved to enforce the Court's order granting his habeas petition. Dkt. No. 13. He argues that he did not receive the bond hearing that the Court ordered, and as a result, the Court should order his release. *Id*. The Government did not oppose the motion. *See* Dkt. No. 17.

## 2. DISCUSSION

Local Civil Rule 7(b)(2) provides that "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court applies the rule here, finding the Government's failure to oppose Dovlatov's motion is a concession that it has merit. Even so, the Court must decide for itself whether its order was obeyed. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020). That review asks one question: did the Government comply with what the Court directed it to do? *Id*. That order required a bond hearing meeting the requirements of *Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011)—one at which the government proves by clear and convincing evidence that the detained person is a flight risk or a danger. Dkt. No. 10 at 7–9. The Court reviews the immigration judge's decision for

abuse of discretion; it does not reweigh evidence or set bond itself. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024).

The record confirms what the Government's silence suggests. DHS offered only a form recording how Dovlatov entered the country and the immigration judge's own rulings denying him relief. Dkt. No. 14-2. Neither speaks to whether Dovlatov would appear. DHS pointed to no missed hearing, no skipped check-in, no attempt to flee. *Singh* forecloses the argument that this sufficed. Even a final removal order, standing alone, "does not constitute clear and convincing evidence that [a noncitizen] presented a flight risk justifying denial of bond." 638 F.3d at 1205. The immigration judge's reasoning fares no better. He concluded that "no amount of bail or condition of parole" could mitigate the risk. Dkt. No. 14-3 at 7. He never said why, never addressed Dovlatov's offer to accept any conditions imposed, and never explained why Mustafayev's sponsorship fell short. *See* Dkt. No. 14-1. A decision that leaves the reviewing court to speculate about how the immigration judge weighed the evidence is an abuse of discretion. *Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026). The Government has not cured the constitutional violation this Court found. *Rose*, 961 F.3d at 1246.

The Court finds that Dovlatov's release is the appropriate remedy for the reasons stated in the motion. *Id*. This ruling is consistent with the Court's prior orders granting motions to enforce. *See, e.g.*, *Martinez v. ICE Field Off. Dir.*, No. 2:26-cv-00032-JNW, 2026 WL 2090837 (W.D. Wash. July 21, 2026).

## 3. CONCLUSION

Accordingly, the Court ORDERS:

1. The motion to enforce is GRANTED. Dkt. No. 13.
2. Respondents must release Petitioner from custody, under appropriate conditions of supervision consistent with applicable statutory and regulatory authority, within TWENTY-FOUR (24) hours of this Order.
3. Respondents must file a status report within FORTY-EIGHT (48) hours of this Order, confirming that Petitioner has been released from custody.

Dated this 25th day of August, 2026, at 9:53 a.m.

Jamal N. Whitehead
United States District Judge